**COAHOMA CHEMICAL CO., INC.,**
Plaintiff,

Southern Cotton Growers, Inc., et al.,
Intervenors,

v.

William D. RUCKELSHAUS, Administrator, Environmental Protection Agency, Washington, D. C., Defendant.

No. DC 72-73.

United States District Court,
N. D. Mississippi,
Delta Division.

Feb. 28, 1973.

John C. Satterfield and Dan H. Shell, of Satterfield, Shell, Williams & Buford, Jackson, Miss., Robert L. Ackerly, of

Sellers, Conner & Cuneo, Washington, D. C., for plaintiff.

Watkins C. Johnston, of Rushton, Stakely, Johnston & Garrett, Montgomery, Ala., Charles M. Crump, of Apperson, Crump, Duzane & Maxwell, Memphis, Tenn., Pat D. Holcomb, of Holcomb & Connell, Clarksdale, Miss., for intervenors.

Norman L. Gillespie, Asst. U. S. Atty., Oxford, Miss., Allan S. Rosenthal, U. S. Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM

### FACTS

ORMA R. SMITH, District Judge.

On June 14, 1972, after a lengthy hearing, the Administrator of the Environmental Protection Agency (Administrator), acting under the Federal Insecticide, Fungicide and Rodenticide Act (the FIFRA) (7 U.S.C. § 135 et seq.), issued a decision concerning the registrations of most DDT products. That decision cancelled the registrations of nearly all DDT products but deferred the effective date of the cancellation to December 31, 1973.

Coahoma Chemical Company (Coahoma) and other interested parties filed a petition for review of the decision in the United States Court of Appeals for the Fifth Circuit, where Coahoma and the other parties had their principal place of business. Other industry petitioners, who did not have their principal place of business in the Fifth Circuit, later filed petitions for review in six other circuits in which they were located, and on the same day the Environmental Defense Fund (EDF) and three other environmental organizations filed a petition for review in the District of Columbia Circuit. These petitions have been consolidated for trial in the District of Columbia Circuit.

On October 17, 1972, Coahoma filed the action sub judice. Coahoma and others who have intervened in the action

seek a judgment which would, *inter alia,* (1) declare that the June 14th DDT order is not "effective" for the reason that the Environmental Protection Agency (Agency) had not complied with the National Environmental Policy Act (NEPA) (42 U.S.C. § 4321 et seq.) and (2) enjoin the Agency from enforcing or implementing the June 14th DDT order until compliance has been had with NEPA.

The action before this court does not seek review of the administrative record. Rather, it was filed pursuant to the National Environmental Policy Act. That act requires that all major federal agency actions be preceded by an environmental impact statement prepared by the agency to consider the environmental impact of the proposed action. The Act is mandatory and directs that the impact statement be circulated to federal and state agencies and members of the public to assure that all of the environmental impacts are taken into consideration before the proposed action is implemented. NEPA does not contain judicial review provisions. Therefore, the extensive litigation that has been undertaken to require compliance with NEPA by federal agencies has been brought in the United States District Court pursuant to the judicial review provisions of the Administrative Procedure Act in Section 10. 5 U.S.C. § 706.

The issues before the court in such a proceeding require a determination first, as to whether the proposed action is subject to NEPA. Second, the court must determine whether an environmental impact statement has been prepared. Third, whether all of the procedures of the Act have been complied with. And, fourth, whether the impact statement in fact treats fully each of the required elements specified in NEPA, including all of the alternatives available to the proposed action. These issues are mixed questions of law and fact and require evidentiary presentation to the court which in some cases have been presented through witnesses and in some cases by affidavits on motions for preliminary injunction.

## LAW

Federal Insecticide, Fungicide and Rodenticide Act (FIFRA) provides in part, 7 U.S.C. § 135b(a), "Every economic poison . . . which is shipped or delivered for shipment from any State, Territory, or the District of Columbia to any other State, Territory, or the District of Columbia, or which is received from any foreign country shall be registered with the Administrator; . . ." 7 U.S.C. § 135b(d), provides in part, "[a]ny person who will be adversely affected by such order may obtain judicial review by filing in the United States court of appeals for the circuit wherein such person resides or has his principal place of business, or in the United States Court of Appeals for the District of Columbia Circuit, within sixty days after the entry of such order, a petition praying that the order be set aside in whole or in part. . . . Upon the filing of such petition the court shall have exclusive jurisdiction to affirm or to set aside the order complained of in whole or in part. The findings of the Administrator with respect to questions of fact shall be sustained if supported by substantial evidence when considered on the record as a whole, including any report and recommendation of an advisory committee. If application is made to the court for leave to adduce additional evidence, the court may order such additional evidence to be taken before the Administrator, and to be adduced upon the hearing in such manner and upon such terms and conditions as to the court may seem proper. . . ."

## THE QUESTION—JURISDICTIONAL STATEMENT

■ It is quite clear from the decisions brought to the attention of the court, that if it were not for the proceedings pending in the District of Columbia Circuit Court of Appeals, this court would have jurisdiction to try the issues presented by the complaint. Most assuredly the district courts properly have jurisdiction for judicial review of a major federal agency's action taken or proposed to be taken without compliance with the National Environmental Policy Act under Section 10 of the Administrative Procedure Act. The cases supporting this proposition are so numerous that citation of authorities is wholly unnecessary.

The issues before the court have been succinctly stated in brief of counsel for Coahoma as:

1. Is the proposed action "a major Federal action significantly affecting the quality of the human environment"?

2. Has the Agency complied with the directives of NEPA? That there has been no compliance with this statute in this case is conceded by the defendant.

3. Does this court have jurisdiction to entertain this action independent of the jurisdiction of the United States Court of Appeals for the District of Columbia which is reviewing the final agency order in terms of the administrative record under the special statutory review procedures of FIFRA?

The court finds that the court has jurisdiction to resolve the issue of whether the action proposed by the Agency is "a major Federal action significantly affecting the quality of the human environment". As has been noted it is conceded that the agency has not complied with the provisions of the National Environmental Policy Act.

The only issue, therefore, for decision is whether this court should entertain this action independent of the jurisdiction of the United States Court of Appeals for the District of Columbia, which is reviewing the final agency order in terms of the administrative record under the special review proceedings of the FIFRA.

■ It is the view of the court that the action sub judice presents issues which are properly litigable in this forum despite the pendency of review proceedings in the United States Court of Appeals for the District of Columbia. The statutory review of the Administra-

tor's final order under FIFRA does not present the issue raised by the Agency's lack of compliance with the National Environmental Policy Act.

A determination of the question whether the Agency must prepare an Environmental Impact Statement before placing the order into effect presents mixed issues of law and fact, the determination of which can be more readily accomplished in the district court. Coahoma is entitled to a trial in the district court where it maintains its principal place of business, on the issues growing out of the National Environmental Policy Act.

The failure of the Agency to comply with the National Environmental Policy Act may well be challenged in this court.

### SUMMARY

The court's view that the action sub judice presents issues which are properly litigable in this forum despite the pendency of review proceedings in the District of Columbia Circuit Court is buttressed by the following reasons:

1. The petitioners are cotton producers who seek to become plaintiff-intervenors. They represent segments of the cotton industry which can make their position known only through appropriate review of an Environmental Impact Statement filed pursuant to the National Environmental Policy Act.

2. Assuming arguendo, that the cancellation of practically all domestic uses of DDT is a major federal action, the order issued by the Administrator should not become effective until the Agency has complied with NEPA. The Circuit Court of Appeals for the Fifth Circuit, in an opinion handed down January 16, 1973, styled, "Save Our Ten Acres, et al., Plaintiffs-Appellants v. Rod Kreger, Acting Administrator, General Services Administration, et al., Defendants-Appellees (No. 72–2165) [472 F.2d 463]," holds that, in making the determination as to whether an Environmental Impact Statement is required by the General Services Administration, the district court should measure its decision under a more relaxed rule of reasonableness rather than by the narrower standard of arbitrariness or capriciousness. In SOTA the district court refused any relief, reasoning that the foregate determination by the GSA to erect a federal office building on a downtown site in Mobile, Alabama did not significantly affect the quality of the human environment could not be disturbed unless the court found it to be arbitrary or capricious or an abuse of discretion. The Fifth Circuit reversed the district court directing that the more relaxed rule of reasonableness should be applied. In order for a proper determination on such an issue to be made, the court trying the issue will have to be satisfied by testimony or affidavits that the action of the Agency is justified under the relaxed rule of reasonableness.

3. The plaintiff and plaintiff-intervenors have the statutory right to be heard in the district in which they maintain their principal place of business on the issue of the noncompliance by the Agency of the requirements of NEPA.

4. The statutory jurisdictional review provision of FIFRA authorizes final Agency action to be reviewed in the district court creating special review in the Court of Appeals only for orders based upon an administrative record. The refusal to comply with NEPA is the final action and a major action. Such refusal is properly reviewable in this court where district court procedures will permit the type of judicial review contemplated by the Supreme Court in Citizens To Preserve Overton Park v. Volpe, 401 U.S. 402 [91 S.Ct. 814, 28 L.Ed.2d 136] (1971).

The court will authorize counsel for Coahama and plaintiff-intervenors to prepare and submit to the court for entry within 10 days from the date of this hearing a jurisdictional state-

ment which will carry into effect the views of the court as herein provided, citing authorities to support the court's position.