485 F.2d 780
 158 U.S.App.D.C. 1, 3 Envtl. L. Rep. 20,488
 ENVIRONMENTAL DEFENSE FUND, INC., et al., Petitioners,
v.
ENVIRONMENTAL PROTECTION AGENCY, and William D. Ruckelshaus,
Administrator, Respondent.
Coahoma Chemical Co., Inc., Intervenor.
ENVIRONMENTAL DEFENSE FUND, INC., Petitioners,
v.
ENVIRONMENTAL PROTECTION AGENCY, and William D. Ruckelshaus,
Administrator, Respondent.
COAHOMA CHEMICAL CO. et al., Petitioners,
v.
OLIN CORPORATION, Petitioner,
v.
William D. RUCKELSHAUS, Administrator, Environmental
Protection Agency, Respondent.
CAROLINA CHEMICALS, INC., et al., Petitioners,
v.
William D. RUCKELSHAUS, Administrator, Environmental
Protection Agency, Respondent.
 Nos. 72-1548, 72-1690, 72-2183 and 73-1015.
 United States Court of Appeals,
District of Columbia Circuit.
 Argued March 30, 1973.
Decided March 30, 1973.
Supplement June 6, 1973.
 
 Stephen F. Eilperin, Washington, D. C., with whom Walter H. Fleischer, was on the motion for respondents.
 William A. Butler and John F. Dienelt, Washington, D. C., for petitioners Environmental Defense Fund and others.
 Robert L. Ackerly and Charles A. O'Connor, III, Washington, D. C., for petitioners Coahoma Chemical Co. and others.
 Before WRIGHT, LEVENTHAL and ROBB, Circuit Judges.
 PER CURIAM:
 
 
 1
 This cause came before this court on consideration of Respondent Ruckelshaus' motion for immediate issuance of a temporary restraining order and for an injunction against further proceedings in a suit pending in another court.
 
 
 2
 On June 14, 1972, Respondent Ruckelshaus as Administrator, Environmental Protection Agency (EPA), issued an order relating to the suspension of the use of DDT on certain agricultural produce under the Federal Insecticide, Fungicide and Rodenticide Act (FIFRA) 7 U.S.C. Sec. 135 et seq. (1970). Petitions for review of the Administrator's order were filed in the U.S. Court of Appeals for the Fifth Circuit and in our Court. On November 24, 1972, the Fifth Circuit transferred its proceedings to this Circuit, and we subsequently consolidated all petitions for review. Lead petitioners in the consolidated proceedings before our Court are Coahoma Chemical Company and the Environmental Defense Fund. Many parties representing cotton growing interests affected by the Administrator's order are already before this court as intervenors. They include the Delta Council and the Mississippi Farm Bureau Federation.
 
 
 3
 During the period of uncertainty preceding the November 24 transfer from the Fifth Circuit, Coahoma filed an action in the United States District Court for the Northern District of Mississippi (hereinafter the district court) challenging the validity of the Administrator's DDT order on the ground that he had failed to comply with the National Environmental Policy Act (NEPA), 42 U.S. C. Sec. 4321 et seq. (1970).
 
 
 4
 On December 18, 1972, the Administrator filed in this court a motion to enjoin further prosecution of the case in the district court. It was the Administrator's position that 7 U.S.C. Sec. 135b(d) of FIFRA gives our court of appeals exclusive jurisdiction to review the order in question.
 
 
 5
 On January 31, 1973, this Court issued the following order:
 
 ORDER
 
 6
 On consideration of Administrator Ruckelshaus' motion and supplemental motion for order prohibiting further prosecution of case pending in another court, and the responses filed thereto, it appearing to the court that exclusive jurisdiction for this matter lies in the United States Circuit Courts of Appeals, that the United States Court of Appeals for the Fifth Circuit has transferred these cases to this court, that the orderly administration of justice requires that two courts not deal simultaneously with the subject matter of these cases, and that a preliminary examination of the record before this court does not reveal any issues properly cognizable at the district court level, it is hereby.
 
 
 7
 ORDERED that the Coahoma Chemical Company, all other parties to this action and their counsel are hereby restrained (1) from taking any action in further prosecution of the suit entitled Coahoma Chemical Co. v. Ruckelshaus, now pending as No. DC 7273-S in the Northern District of Mississippi, and (2) from instituting any other action seeking review of the June 14, 1972, order of the Administrator. The Coahoma Chemical Company and all other parties to both the proceedings in the Northern District of Mississippi and this court are hereby directed to take the steps necessary to dismiss the action pending in the Northern District of Mississippi.
 
 
 8
 This order is subject to revision upon submission to this court by a party of a statement by the judge in the Mississippi action indicating his view that the case before him presents issues which are properly litigable in that forum despite the pendency of review proceedings in this court. In the event of such submission, this Court will provide appropriate reconsideration.
 
 
 9
 Five days before the entry of our order of January 31, 1973, Messrs. Robert A. Carson, Malcom J. Commer, Jr., and D. C. Parker, as representatives of "a class of farmers, all residents of Mississippi, producing cotton," had moved to intervene in the action pending in the district court. On February 28, 1973, subsequent to the issuance of our restraining order, District Judge Orma Smith granted the class intervention petition.
 
 
 10
 In our restraining order of January 31, we indicated that our order was subject to revision if a party submitted to this court a statement by the judge in the district court indicating that he felt that the proceeding in his court was properly before him.
 
 
 11
 On March 12, 1973, Judge Smith issued a "jurisdictional statement" concluding that his court had jurisdiction to review the NEPA issue. Although no parties brought this jurisdictional statement to our attention, the Clerk of the district court forwarded a copy of that statement, and the accompanying record, to the Clerk of our Court for our consideration.
 
 
 12
 On March 28, 1973, Judge William C. Keady, Chief Judge of the U.S. District Court for the Northern District of Mississippi, having replaced Judge Smith who had become ill, issued the following order:
 
 
 13
 This cause came on for hearing today on the motion of the defendant, William D. Ruckelshaus, Administrator, Environmental Protection Agency, for an order staying further proceedings until the U.S. Court of Appeals for the D.C. Circuit resolves the jurisdictional issues before it in Cause Nos. 72-148 & 72-2142, and the Court being of the opinion that the motion is not well taken since neither this Court nor Robert A. Carson, Malcolm J. Commer, Jr. and D. C. Parker, intervenors suing on behalf of themselves and individual Mississippi cotton growers, are included within the terms of the restraining order heretofore issued by the aforesaid Court of Appeals, and this District Court has jurisdiction to entertain a complaint by persons residing within this judicial district, not parties to the aforesaid appellate proceedings, for alleged noncompliance of Federal Agency Action with the provisions of National Environmental Policy Act (NEPA), 42 USC Section 4321 et seq.; 5 USC Section 702-703, and should accordingly proceed to hear same; it is
 
 
 14
 ORDERED that defendant's motion to stay proceedings in this cause pending further action by the U.S. Circuit Court of Appeals in the above mentioned causes be denied.
 
 
 15
 Thereupon, the court granted defendant 5 days within which to file responsive pleading to the complaint in intervention, counter-affidavits or other evidentiary materials, and memorandum briefs in opposition to motion for summary judgment by the said Carson, Commer & Parker, and said plaintiff-intervenors are granted 3 days thereafter within which to file responsive pleadings, affidavits and briefs.
 
 
 16
 It is further ordered that the case be submitted to the court upon the pleadings, affidavits and other evidentiary materials and memorandum briefs of counsel without further oral argument unless otherwise directed.
 
 
 17
 This, 28th day of March, 1973.
 
 
 18
 The Administrator, in order to protect the jurisdiction of this Court, and to resolve the conflict between our outstanding restraining order and the order of the district court to respond to the motion for summary judgment, moved this court on March 29, 1973 for the issuance of an immediate temporary restraining order and for an injunction against further proceedings in the district court.
 
 II.
 
 19
 At oral argument today, counsel for Coahoma moved this court to reconsider its order of January 31, 1973, in light of Judge Smith's jurisdictional statement.
 
 
 20
 We have reconsidered that order, and have carefully weighed his opinion. We reaffirm the order of January 31, 1973.
 
 
 21
 Section 135b(d) of FIFRA provides "[u]pon the filing of [a] petition the court [of appeals] shall have exclusive jurisdiction to affirm or set aside the order complained of in whole or in part." When the Congress required that courts of appeals exercise exclusive jurisdiction over petitions to review a FIFRA order, it was to insure speedy resolution of the validity of EPA determinations. See generally International Harvester v. Ruckelshaus, 155 U.S.App. D.C. 411, 478 F.2d 615 (1973); Calvert Cliffs' Coordinating Committee v. AEC, 146 U.S.App.D.C. 33, 449 F.2d 1109 (1971). This policy would be defeated if we were to allow the DDT order to be litigated in several proceedings. Since Calvert Cliffs, supra, it has been clear that issues concerning NEPA statements can be developed in full before the administrative agency, without need for separate factual development in district court. At oral argument, counsel for Coahoma was unable to cite any authority for the proposition that NEPA statements can be litigated apart from the proceeding adjudicating the validity of the underlying FIFRA order. Compare Anaconda v. Ruckelshaus, 352 F.Supp. 697 (D.Colo.1972).
 
 
 22
 We therefore hold that all issues pertaining to the validity of the DDT order of June 14, 1972-including questions pertaining to NEPA-must be resolved solely in this court.
 
 III.
 
 23
 While this court has the authority to act in preservation of its appellate jurisdiction by issuing appropriate orders or writs to the district court[1] we refrain from exercising this power. We are confident that the U.S. District Court of Mississippi will not act in derogation of the orders and jurisdiction of this Circuit Court.
 
 IV.
 
 24
 Our order of January 31, 1973 prevents all parties from taking any further action in the prosecution, and therefore defense, of the action in the district court. That means that the Administrator is restrained from responding to the motion for summary judgment of the intervenors by filing responsive pleadings to the complaint in intervention, counter-affidavits or other evidentiary materials, and memorandum briefs in opposition to the motion for summary judgment. It is specifically
 
 
 25
 Ordered by the Court that all parties are required to move forthwith the United States District Court for the Northern District of Mississippi for the immediate dismissal of the action there pending.
 
 
 26
 The July 14, 1972 order of the Administrator shall remain in effect unless it is stayed either by this court or, upon proper application, by the United States Supreme Court, and any order issued by any court other than this court or the United States Supreme Court to the contrary shall be considered null and void.
 
 
 27
 In order to effectuate the preservation of our order and jurisdiction which, in any event, applies to all parties, and those in privity with such parties, our order shall be specifically amended to name the intervenors, Messrs. Carson, Commer and Parker and the class they represent, as parties, and to enjoin them, and their counsel, from acting contrary to the temporary restraining order hereinafter set forth.[2]
 
 
 28
 When the class intervenors were granted intervention status by Judge Smith on February 28, 1973-28 days after the entry of our restraining order -they stepped into the status of the litigation as it stood at that time. They were undoubtedly on notice, as were all previously named parties, as to our intent to prevent the Administrator of the Environmental Protection Agency from being proceeded against in the U.S. District Court of Northern Mississippi.
 
 In view of the foregoing, it is
 
 29
 Ordered by the Court that Messrs. Carson, Commer and Parker and the class they represent are hereby made formal parties to the proceedings in this court. It is
 
 
 30
 Further ordered by the Court that the above named parties, and their counsel, shall move immediately to withdraw their motion for summary judgment now pending before Chief Judge Keady of the United States District Court for the Northern District of Mississippi in the case of Coahoma Chemical Company v. Ruckelshaus, N.D.Miss., 358 F.Supp. 680, and that these parties shall move immediately to dismiss those proceedings.
 
 
 31
 Taking into account the representations of counsel at oral argument today and the papers now before us, there is probable cause to believe that actions may have willfully been taken to circumvent and violate our order of January 31, 1973. Therefore, it is
 
 
 32
 Ordered by the Court that all parties to the proceedings pending in our court, and their counsel-with the exception of Administrator Ruckelshaus and his counsel-including Messrs. Carson, Commer and Parker, and their counsel, set forth, on or before April 5, 1973, at 3 p. m., their position on the claim of the Administrator that their actions warrant holding them responsible for a contemptuous violation and disobedience of the order and authority of this court. 18 U.S.C. Sec. 401 (1970). It is,
 
 
 33
 Further ordered by the Court that all parties to the review proceedings pending in our court and their counsel, including Messrs. Carson, Commer and Parker and their counsel, shall on or before April 5, 1973 at 3 p. m. file a statement with this court detailing the individual actions they have taken to comply with the orders of this court entered on this date. It is
 
 
 34
 Further ordered by the Court that the parties to the proceedings pending in this court, including Messrs. Carson, Commer, and Parker, shall appear with their counsel before the United States Court of Appeals for the District of Columbia Circuit on Friday, April 6, 1973 at 2 p. m. to report their compliance with our orders.
 
 
 35
 The Attorney-General of the United States is requested to investigate and report in aid and guidance to this court, the factual basis for the Administrator's claim that parties may have been in contemptuous violation of our Order of January 31, 1973.
 
 
 36
 The Clerk is directed to arrange for the service of this order forthwith.
 
 SUPPLEMENT
 
 37
 On Monday, April 2, 1973, the following three Orders of Dismissal were entered by Chief Judge Keady of the Northern District of Mississippi:
 
 
 38
 (1) Upon consideration of the Motion of Plaintiff-Intervenors Southern Cotton Growers, Inc., Carolinas Cotton Growers Association, Inc., North Carolina Cotton Promotion Association, South Carolina Farm Bureau Federation and Delta Council to dismiss their Complaints herein forthwith, it is by the Court this 2nd day of April, 1973
 
 
 39
 ORDERED that the Complaints of Southern Cotton Growers, Inc., Carolinas Cotton Growers Association, Inc., North Carolina Cotton Promotion Association, South Carolina Farm Bureau Federation and Delta Council, filed herein, be and the same are hereby dismissed.
 
 
 40
 (2) Upon Motion of Robert A. Carson, Malcom J. Commer, Jr. and D. C. Parker, on behalf of themselves and on behalf of all others similarly situated to dismiss their Complaint and Motion for Summary Judgment pending in the above cause pursuant to the Order of the United States Court of Appeals for the District of Columbia entered on March 30, 1973, in that certain cause of Coahoma Chemical Company, et al., Petitioners v. William D. Ruckelshaus, Respondent, in the consolidated causes Nos. 72-1548, 72-1690, 72-2142, 72-2183 and 73-1015, and after consideration thereof,
 
 IT IS ORDERED:
 
 41
 That the aforesaid Complaint and Motion for Summary Judgment be and the same are hereby dismissed pursuant to the aforesaid Order; and, pursuant to Rule 23(a), Federal Rules of Civil Procedure, no notice to other persons similarly situated who might be affected by this Order is required.
 
 
 42
 ORDERED, this the 2nd day of April 1973.
 
 
 43
 (3) Upon consideration of the Motion of Plaintiff Coahoma Chemical Co. to dismiss its Complaint herein forthwith, it is by the Court this 2nd day of April, 1973,
 
 
 44
 ORDERED that the Complaint of Coahoma Chemical Co. filed herein be and the same is hereby dismissed.
 
 
 45
 On Thursday, April 4, 1973, we amended our prior March 30, 1973 Order as follows:
 
 
 46
 In view of the representations made to the Court by some of the parties and their counsel that initial steps have been taken to comply with our order of March 30, 1973, it is
 
 
 47
 ORDERED by the Court, sua sponte, that our order in this proceeding entered on March 30, 1973 is amended to delete the following paragraph:
 
 
 48
 FURTHER ORDERED by the Court that the parties to the proceedings pending in this court, including Messrs. Carson, Commer, and Parker, shall appear with their counsel before the United States Court of Appeals for the District of Columbia Circuit on Friday, April 6, 1973 at 2 p. m. to report their compliance with our orders.
 
 
 49
 In all other respects, the order of this Court entered on March 30, 1973 remains in effect.
 
 Per Curiam
 
 50
 On May 22, 1973, we issued the Order below:
 
 
 51
 In view of the present state of the proceedings in these cases, and it appearing that further proceedings with reference to the alleged contempt of certain parties are not warranted, it is ORDERED by the court, sua sponte, that the Department of Justice terminate its investigation with reference to the possibility of contempt proceedings herein.
 
 
 
 [1]
 See 28 U.S.C. Sec. 1651 (1970) (All Writs statute); Toledo Scale Co. v. Computing Co., 261 U.S. 399, 43 S.Ct. 458, 67 L. Ed. 719 (1923)
 
 
 [2]
 The All Writs statute, 28 U.S.C. Sec. 1651 (1970) states: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law," See FTC v. Dean Foods Co., 384 U.S. 597, 603-604, 86 S.Ct. 1738, 16 L.Ed.2d 802 (1966). In accordance with F.R.Civ.P. 4(f), extraterritorial service is proper. Nonparties to a litigation can be bound by a temporary restraining order without formal service, with actual notice. See The Cape May and Schellinger's Landing R.R. Co. v. Johnson et al., 35 N.J.Eq. 422 (1882). See also Walker v. City of Birmingham, 388 U.S. 307, 87 S.Ct. 1824, 18 L.Ed.2d 1210 (1967). F.R.Civ.P. 65(d) provides that nonparties in general are not bound by temporary restraining orders. But "persons in active concert or participation with [the parties] who receive actual notice of the order by personal service or otherwise are so bound." There is an identity of interest between the class intervenors in the district court and the parties to our review proceedings. At least some of the members of the intervenors' "class of farmers, all residents of Mississippi, producing cotton," are also members of the Delta Council and Mississippi Farm Bureau Federation, parties to our proceedings. The general prohibition of Rule 65 (d) "cannot be read to restrict the inherent power of a court to render a binding judgment." United States v. Hall, 472 F.2d 261 (5th Cir. 1972) (Wisdom, J.). Courts of Appeal have the inherent power to protect their jurisdiction from being obstructed by the actions of nonparties properly on notice of their order. See Griffin v. County School Board of Prince Edward County, Va., 363 F.2d 206 (4th Cir. 1966)