# BOARD OF SUPERVISORS OF FAIRFAX COUNTY, VIRGINIA, et al., Plaintiffs,

v.

# John L. McLUCAS et al., Defendants.

## Civ. A. No. 76–0139.

United States District Court, District of Columbia.

March 12, 1976.

Frederic Lee Ruck, Fairfax County Atty., J. Richard Tremaine, Fairfax, Va., Robert F. Flinn, Asst. County Attys., Donald W. Devine, Commonwealth's Atty., Loudoun County, Stephen P. Robin, Asst. Commonwealth's Atty., Leesburg, Va., James M. Catterson, Jr., Nassau County Atty., Robert S. Hoshino, Jr., Deputy County Atty., Nassau County, Seaford, N. Y., for plaintiffs.

Peter R. Taft, Alfred T. Ghiorzi, Raymond W. Mushal, U. S. Dept. of Justice, Washington, D. C., John Hart Ely, Gen. Counsel, Donald T. Bliss, Deputy Gen. Counsel, Robert B. Donin, U. S. Dept. of Transp., Washington, D. C., Bert Z. Goodwin, Chief Counsel, Leonard A. Ceruzzi, Federal Aviation Administration, Washington, D. C., for defendants.

Roger A. Clark, Rogers & Wells, Washington, D. C., for intervenor Compagnie Nationale Air France.

William H. Allen, Covington & Burling, Washington, D. C., for intervenor British Airways Board.

## MEMORANDUM ORDER

PARKER, District Judge.

This Court is called upon to issue a preliminary injunction prohibiting the defendants from taking any action that would allow the Concorde, a supersonic jet aircraft, to land at Dulles International Airport (Dulles) or John F. Kennedy International Airport (JFK) without the federal government having first promulgated supersonic aircraft noise regulations under Section 611 of the Federal Aviation Act of 1958 (49 U.S.C § 1431) as amended by the Noise Control Act of 1972.

The Court has reviewed and considered the memoranda of points and authorities, with affidavits and exhibits, filed in support of and in opposition to the motions for preliminary injunction, and the motion of the federal defendants to dismiss for lack of subject matter jurisdiction. In addition, the Court has had the full benefit of the oral argument of counsel at a hearing held on March 8, 1976, and concludes that the plaintiffs' motions for preliminary injunction should be denied and the defendants' motion to dismiss should be granted for the reasons set forth in the following Memorandum Order.

Plaintiffs[1] claim that government action permitting Concorde flights at Dulles and JFK Airports would be legally invalid in the absence of supersonic noise standards which, though long mandated by the United States Congress,[2] have been delayed for an inordinate period of time by the federal agencies charged with their promulgation.[3]

The triggering factor in plaintiffs' lawsuit was Secretary of Transportation Coleman's decision of February 4, 1976, which approved the requests of British Airways Board (British Airways) and Compagnie Nationale Air France (Air France)[4] for amendments of their operations specifications[5] to allow them to commercially operate Concorde supersonic aircraft in the United States. The Secretary's decision was based on an environmental impact statement prepared by the FAA Administrator, a public hearing held in Washington, D. C. on January 5, 1976, and written submissions of interested persons, which were made a part of the public record. The decision ordered defendant McLucas, the FAA Administrator, to undertake the actual amendment of the operations specifications necessary for the commencement of Concorde flights.[6]

■ This case was filed January 23, 1976, at a time when the Secretary's decision was expected in the near future.[7]

---

1. Plaintiffs are the governing bodies of Fairfax and Loudoun Counties, Virginia and Nassau County, New York. These Counties would be directly affected by the proposed Concorde landings. Defendants are William T. Coleman, Secretary of Transportation, and John L. McLucas, Administrator of the Federal Aviation Administration (FAA).

2. The original legislation requiring the FAA to issue regulations for "the control and abatement of aircraft noise and sonic boom" was passed in 1968. Act of July 21, 1968, Pub. L.No. 90–411, § 1, 82 Stat. 395.

3. The FAA is currently considering regulations proposed by the Environmental Protection Agency, which would ban supersonic transports unable to meet the noise levels required for subsonics.

4. Both British Airways and Air France were granted leave of court to intervene in this case as defendants.

5. Operations specifications approved and issued by the FAA are a necessary prerequisite for a foreign air carrier to conduct commercial service to and from the United States. 14 C.F.R. Part 129. The operations specifications include a list of the type of aircraft to be flown, the airports to be served, and the routes and flight procedures to be allowed. *Id.*

6. Government counsel at an earlier status call had stipulated that McLucas would not carry out the Secretary's order before April 1st.

7. The Notice of Public Hearing for January 5, 1976, had stated that the Secretary would issue a decision within 30 days of the hearing. 40 Fed.Reg. 53612 (November 19, 1975).

On February 4, 1976, the same day that the decision was issued, the Environmental Defense Fund (EDF) [8] filed a petition for review in the United States Court of Appeals for the District of Columbia Circuit (C.A.D.C. 76–1105). A similar petition was filed by the State of New York on March 5, 1976 (C.A.D.C. 76–1213). Those petitions for direct review in the Court of Appeals are based on the provision of the Federal Aviation Act which establishes "exclusive jurisdiction" in the Court of Appeals to "affirm, modify, or set aside," "any order, affirmative or negative," issued by the Secretary of Transportation. 49 U.S.C. § 1486(a) and (d).[9]

■ Despite plaintiffs' arguments to the contrary, this Court is convinced that the Secretary's decision is an order within the meaning of 49 U.S.C. § 1486 and thus is reviewable exclusively in the Court of Appeals. Accordingly, this action for injunctive relief must be dismissed for lack of subject matter jurisdiction.[10]

■ The term "order" is defined very broadly both in the Federal Aviation Act [11] and in the Administrative Procedure Act.[12] Our Court of Appeals has, accordingly, been most receptive to petitions for review of agency actions. The only requirements are that the agency decision be final, and that there be an adequate record for review of agency proceedings at which the petitioners had an opportunity to present their claims. *Deutsche Lufthansa Aktiengesellschaft v. CAB*, 156 U.S.App. D.C. 191, 479 F.2d 912 (1973). These prerequisites are met in this case—Coleman's decision is final; the environmental impact statement, hearing transcript and written decision of the Secretary provide a record for review; and representatives from Fairfax, Loudoun and Nassau Counties presented their views at the January 5 hearing before the Secretary.

Plaintiffs' claim that they are not seeking a review of the Secretary's decision is unfounded. The relief requested, if granted, would have the effect of invalidating his order, notwithstanding the fact that an injunction would run against defendant McLucas, rather than the Secretary himself.

Furthermore, all of the issues raised by the parties in this injunctive action can be fully and fairly litigated upon a petition for review. While the government's claim that the FAA can allow limited Concorde landings in the absence of supersonic noise regulations seems highly suspect to this Court, it nonetheless appears to be an issue clearly within the province of the Court of Appeals. Secretary Coleman specifically discussed the requirements of the Noise Control Act [13] so that the issue is a part of the record. If the Court of Appeals should decide that the Secretary's point of view on this matter was legally incorrect, it has the authority to reverse the Secretary's order on that basis. 49 U.S.C. § 1486.

No useful purpose would be served by conducting duplicative proceedings on the district court level of a matter which is already pending before the Court of Appeals. The statutory intention to pro-

---

8. EDF is a private environmental group which had previously filed a suit in this Court seeking to compel the FAA to issue supersonic noise regulations. *EDF v. Butterfield* (DDC, C.A. 74–217).

9. Although § 1486 refers to orders of the Board or the Administrator, 49 U.S.C. §§ 1655(c)(1) and 1653(c) make it clear that the Secretary of Transportation may issue orders in areas formerly under the FAA Administrator, subject to the same judicial review as if the order had been issued by the Administrator.

10. Plaintiffs' mandamus action to compel the FAA to issue the supersonic noise regulations without further delay is not affected by this decision, and will remain pending.

11. 49 U.S.C. § 1354(a).

12. 5 U.S.C. § 551.

13. The Secretary's Decision on Concorde Supersonic Transport, February 4, 1976, at 15–17.

vide for swift resolution of challenges to agency orders [14] will be better served by dismissing plaintiffs' suit for injunction. Furthermore, simultaneous litigation of the same issues in the district court and the court of appeals is not favored [15] and, indeed, would be judicially uneconomical.

In conclusion, this Court believes that plaintiffs have an entirely adequate forum to press their claims, namely, the U.S. Court of Appeals for the District of Columbia Circuit.[16] The Court therefore will not consider the merits of plaintiffs' suit for injunction, but will defer to the exclusive jurisdiction of the Court of Appeals.

Accordingly, it is this *12th* day of March, 1976

ORDERED that the motions of plaintiffs for preliminary injunction be, and they hereby are, denied; and it is further

ORDERED that the motion of the federal defendants to dismiss is granted and this proceeding is dismissed insofar as it pertains to plaintiffs' request for injunctive relief.

---

**14.** *See:* *EDF v. EPA*, 158 U.S.App.D.C. 1, 485 F.2d 780, 783 (1973).

**15.** *See:* *Oljato Chapter of the Navajo Tribe v. Train*, 169 U.S.App.D.C. 195, 515 F.2d 654 (1975).

**16.** The statute gives a right to "any person disclosing a substantial interest in such order" within 60 days of the order, to file a petition for review. 49 U.S.C. § 1486(a). Plaintiffs will thus have sufficient time to file their own petition or join in the ongoing proceedings in the EDF case, C.A.D.C. 76–1105, in which the first briefs are not due until March 18, 1976.