John J. O'DONNELL et al., Plaintiffs,

v.

Langhorne BOND et al., Defendants.

Civ. A. No. 80–2167.

United States District Court,
District of Columbia.

March 27, 1981.

Donald J. Capuano, O'Donoghue & O'Donoghue, Washington, D.C., Henry Weiss, Cohen, Weiss & Simon, Robert S. Savelson, Jay P. Levy-Warren, New York City, for plaintiffs.

John D. Bates, Royce C. Lamberth, Asst. U. S. Attys., Charles F. C. Ruff, U. S. Atty., James J. Murphy, Raymond J. Rasenberger, Richard D. Mathias, Laurence S. Short, James A. Hourihan and George U. Carneal, Washington, D.C., for defendants.

## MEMORANDUM OPINION

JOYCE HENS GREEN, District Judge.

Before the Court is the motion of the federal defendants, the Federal Aviation Administration (the "FAA") and its Administrator, Langhorne Bond, to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. The defendants assert that exclusive jurisdiction over this cause vests in a court of appeals under 49 U.S.C. § 1486(a) and not in this court, and, alternatively, that the claims are neither justiciable nor ripe for review. The intervenor-defendants[1] by motion and memoranda, support defendants' position.

---

1. Air Transport Association of America has filed its separate Motion to Dismiss. Other intervenor-defendants, McDonnell Douglas Corporation, Republic Airlines, Inc., Pacific Southwest Airlines and Swissair, Swiss Air Transport Company, Ltd., have filed their Joint Memorandum in Support of the Government Defendants' Motion to Dismiss. The federal defendants will be referred to by name or as "defendants"; the intervenor-defendants will be included within the term "defendants" unless inappropriate.

The plaintiffs, John J. O'Donnell, President of the Air Line Pilots Association, International ("ALPA") and ALPA, oppose dismissal on the basis that there is an adequate statutory means, pursuant to 28 U.S.C. § 1337, for this District Court to review the defendants' alleged violations of duty and that, in any event, 49 U.S.C. § 1486(a) does not apply to agency action unsupported by a record adequate for appellate review.

The complaint, in two causes of action, invokes the jurisdiction of this court to review generally the procedures by which defendants certify aircraft under the Federal Aviation Act ("the Act"), 49 U.S.C. § 1301 et seq., and requests that defendants be enjoined from issuing or maintaining in effect the certification previously granted for DC–9–80 aircraft manufactured by McDonnell Douglas Corporation, one of the intervenors.

The first cause of action ("count one") is a broad challenge to the regulations promulgated by the FAA to implement its statutory responsibilities to issue certification for those aircraft found to be "of proper design, material, specification, construction, and performance for safe operation ...," 49 U.S.C. § 1423(a)(2). Plaintiffs contend that the FAA certification process here has not complied with the requirements of the Act "to promote safety of flight of civil aircraft," 49 U.S.C. § 1421(a), in that FAA has permitted undue manufacturer dominated influence, arbitrarily excluded plaintiffs and others from participation, rejecting their proposals, withheld other critical safety data, failed to consider appropriately safety requirements and to perform post-certification oversight obligations, all required by the Act.

Plaintiffs not only challenge the present FAA certification rules and regulations as defective but seek the development of new regulations, asking the court to direct FAA to comply with the Act "by formulating and complementing a program which will assure an objective certification process consistent with the requirements of the Act."[2] See

Plaintiffs' Memorandum in Opposition to Motion to Dismiss at 2–3 ("Opposition"):

> Certification procedures are so defective and unlawful that the record of the certification process cannot be relied on to assess whether or not statutory standards of safety have been met.
>
> ..., plaintiffs seek to enjoin the Administrator to establish certification and post-certification procedures which comply with his statutory duties.

In count two of the complaint, ALPA avers that the Administrator has conducted a legally defective certification process for the McDonnell Douglas Corporation's DC–9–80 aircraft, alleging that the process followed by the FAA in its issuance of that certificate was deficient, citing examples of "errors" by the FAA, and seeking a curative formulation process and application. See Complaint §§ 32–36, and paragraph (1) of the request for relief.

Nonetheless in their Opposition, at 8, plaintiffs disavow any intent "to set aside or modify the certification of any aircraft or component." Asserting now that their challenge is not to the issuance of any particular type certificate but instead to the FAA's overall conduct in establishing certification procedures, ALPA characterizes its action as seeking direct changes in the procedures being applied to the ongoing certifications of aircraft and components, that is, that the Administrator "restructure the entire process...." Opposition at 8, 14.

Notwithstanding plaintiffs' declarations, count two clearly, precisely, and repeatedly challenges a unique certification: that FAA directive certificating the DC–9–80 in August 1980 after lengthy administrative proceedings. The complaint is replete with references to the type certification for the DC–9–80 ("McDonnell Douglas Super 80"). See Complaint, §§ 29, 30, 31, 32, 33, 34, 35, 36, 36a, b, 37, 38 (by inference), 39, 40, 41, 42–43 (by inference) and 45. ALPA specifically requests that the court enjoin the Administrator "from issuing or maintaining in effect any type, production and/or airwor-

---

**2.** Complaint at 16, § 2.

thiness certificates pursuant to the provisions of the [Act], 49 U.S.C. § 1301, *et seq., for McDonnell Douglas Super 80 aircraft,* unless and until the Administrator . . . formulate[s] and implement[s] a certification process *for the McDonnell Douglas Super 80 aircraft* which meets the statutory obligations . . . ." (emphasis added). *See* Complaint, request for relief, paragraph 1 and its subparts (i)—(v) inclusive at 14, 15.

On February 13, 1981 the court invited statements from the parties as to the effect on this case of forthcoming executive branch actions, i. e., the appointment on February 11, 1981, of a Presidential Task Force ("Task Force") to review and study the safety of the operation of new generation commercial jet aircraft by two-person cockpit crews, rather than three-person, a matter of "debate between ALPA and the aircraft manufacturers." Department of Transportation press release, February 11, 1981. While the release is not entirely illuminating, it appears that, at least initially, the Task Force's scrutiny will be limited only to the crew complement issue. The aircraft in question include the Boeing 757 and 767, now under development, and the McDonnell Douglas DC 9 "Super 80" which latter aircraft was certified for commercial passenger operations with a two pilot crew. That action is now subject to review by the Task Force whose recommendations are due within 120 days of appointment. According to that press release, Secretary of Transportation Drew Lewis declared that "Mr. O'Donnell has pledged that ALPA will abide by the recommendations of the task force." *Id.* at 1. It is not known whether ALPA has waived any rights it might possess to seek judicial review of the ultimate federal decision on crew complement. "Other safety issues specified by ALPA will be addressed by the new FAA Administrator, when appointed and confirmed," *Id.* at 2.

The plaintiff, in requesting an indefinite stay of the within proceedings, asserts that although the Presidential Task Force deals only with the crew complement issue, the scope of the present litigation goes beyond that issue and includes other certification matters.

Intervenor-defendant ATA, contending that ALPA has not specifically charged the crew complement question among the many deficiencies assessed against the FAA, (although conceding such complaint may exist inferentially), urges resolution of the pending motion to dismiss on jurisdictional grounds. Intervenors McDonnell Douglas Corporation and Swissair concur.

The federal defendants continue to seek dismissal averring that nothing resulting from the present actions of the executive branch can alter the jurisdictional invalidity of ALPA's action in the District Court.

The matter is ready for decision in light of the status of the case and the extensive briefing by the parties.

It is defendants' position that because ALPA's complaint challenges the substance of FAA's regulations governing aircraft type certification and specifically the issuance of the Administrator's directive approving the DC–9–80 type certificate, the plaintiffs should have instituted their action in the Court of Appeals under the direct review provisions of section 1006 of the Act, 49 U.S.C. § 1486(a), and the District Court accordingly lacks jurisdiction to entertain this matter. Defendants assert that plaintiffs' challenge is to final regulations and orders issued by the Administrator, and Congress has expressly provided for the exclusive jurisdiction of the Courts of Appeal to review any "order" issued by the FAA.

Section 1006 of the Act, 49 U.S.C. § 1486(a) declares:

Any order, affirmative or negative, issued by the [CAB] or [FAA] under this chapter, except any order in respect of any foreign air carrier subject to the approval of the President as provided in section 1461 of this title, shall be subject to review by the courts of appeals of the United States or the United States Court of Appeals for the District of Columbia upon petition, filed within sixty days after the entry of such order, by any person disclosing a substantial interest in such order. After the expiration of said sixty

days a petition may be filed only by leave of court upon a showing of reasonable grounds for failure to file the petition theretofore.

This legislation represents Congress' authority to select the court in which judicial review of particular agency action is available. *See City of Tacoma v. Taxpayers*, 357 U.S. 320, 336, 78 S.Ct. 1209, 1218, 2 L.Ed.2d 1345 (1958); *City of Rochester v. Bond*, 603 F.2d 927, 931 (D.C.Cir.1979).

■ Although the plaintiffs dispute that either the FAA's certification procedures or the DC–9–80 type certification qualify as "orders" under § 1486(a) because of the alleged inadequacy of the administrative record, Opposition at 5–7, the term "order" under the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*, (the "APA") and the Federal Aviation Act, is interpreted expansively, including, as within the scope of § 1486(a) orders, challenges to the procedures and regulations adopted by an agency through informal notice-and-comment rule-making and certificates and licenses issued by the Administrator. *See Sima Products Corp. v. McLucas*, 612 F.2d 309, 313 (7th Cir.), *cert. denied*, 446 U.S. 908, 100 S.Ct. 1834, 64 L.Ed.2d 260 (1980) (FAA regulation concerning the use of X-ray systems at airports); *Pan Am World Airways v. CAB*, 517 F.2d 734, 736 (2nd Cir. 1975) (CAB rule regarding charters); *Deutsche Lufthansa Aktiengesellschaft v. CAB*, 479 F.2d 912, 915 (D.C.Cir.1973) (CAB rule requiring notice of liability limitations); *International Caucus of Labor Committees v. Bond* (C.A. 80–2724, D.D.C.1980) (FAA regulations governing airport solicitations).

The complaint in *Board of Supervisors of Fairfax Cty., Va. v. McLucas*, 410 F.Supp. 1052, 1055 (D.D.C.1976) challenged the action of the FAA Administrator, pursuant to the order of the Secretary of Transportation, allowing Concorde aircraft to land at Dulles Airport. Dismissing the action, the District Court held that since relief would effectively vacate the order, the complaint was subject to the exclusive jurisdiction of the Court of Appeals under section 1006 of the Act.

This Circuit has had occasion recently to examine the jurisdiction of the District Court over a challenge to an FAA order suspending an aircraft type certificate. In *Airline Passengers Association v. Bond*, No. 79–1667 (D.C.Cir.), the Court summarily reversed the District Court's exercise of jurisdiction in *Airline Passengers Association v. Bond*, No. 79–1451 (D.D.C. filed June 26, 1979), and ordered that case dismissed where the Administrator had been temporarily enjoined to suspend the type certification for the DC–10 series aircraft following a tragic accident involving multiple fatalities.

The Circuit Court ruled that "exclusive jurisdiction for this matter lies in the United States Court of Appeals, and . . . there are no issues properly cognizable at the District Court level."

Only two months prior to its action in *Airline Passengers*, the Court of Appeals had discussed in detail the interpretation of § 1486(a) in *City of Rochester v. Bond*, 603 F.2d 927, *supra*. The Administrator had certified the construction of a radio tower near the airport in Rochester, N.Y.; the city and the Air Line Pilots Association challenged the determination of the Administrator that the tower constituted no hazard to aircraft. The plaintiffs filed suit in District Court, which dismissed the complaint for lack of jurisdiction. The Court of Appeals affirmed, rejecting the argument that the exclusive review provision does not apply where the plaintiffs complain of illegal acts by the agency itself. *Id.* at 933–34. Moreover, the Court held, "Review in the Court of Appeals is exclusive, absent extraordinary circumstances, preempting the original jurisdiction of state courts as well as federal district court." *Id.* at 934. Support for this holding was found in the plain meaning of the statutory language, in the scheme of the Act, and in general principles of administrative law. *Id.* at 934–35.

The law, therefore, is well settled that review of any order of the Administrator, as above noted, must be undertaken in a Court of Appeals. The decisions of other circuits are in firm support of this principle.

In *Nevada Airlines v. Bond,* 622 F.2d 1017 (9th Cir. 1980), the plaintiff challenged the emergency action of the Administrator revoking its operating certificate. The District Court dismissed for lack of jurisdiction and the Court of Appeals affirmed, holding that exclusive jurisdiction over the Administrator's action vested in the Court of Appeals. The Seventh Circuit took the same approach in *Sima Products Corp. v. McLucas, supra,* where, as here, the plaintiffs had argued that the administrative record was insufficient to preclude the need for fact finding by the District Court, and thus review in the Court of Appeals was inappropriate. The Court found that the record, constituting the notice in the Federal Register and the comments submitted, was sufficient to enable the Court of Appeals review.

■ In count one, plaintiffs attack the adequacy of regulations governing aircraft certificates. Under the Act, Congress expressly delegated broad and plenary authority to the Administrator to protect the public interest by devising rules and regulations governing the method by which aircraft would be certified as safe. *See* 49 U.S.C. §§ 1421, 1423. Extensive regulations have been promulgated, setting out the procedures for certification, *see, e.g.,* 14 C.F.R. pts. 21, 25, 36, Special Federal Aviation Regulation 27, through informal rulemaking, purportedly in full accordance with the dictates of the APA, which controls the process for the type certification of aircraft. That process results in the issuance of the decision basis for a type certificate and includes the acts, investigations, and decisions intended to insure the safety and airworthiness of aircraft which the FAA must undertake in accordance with its detailed regulations, also promulgated pursuant to the APA.

The charge in count one that the "certification process which has been followed by the Administrator exceeds his authority under the Act and violates the Act," is then, in effect, a challenge to the regulations adopted by the FAA which prescribe the certification process. The plaintiffs further request that the Court, in order to cure the deficiencies alleged to exist in the current certification process, should order FAA to formulate and implement a program "which will assure an objective certification process" consistent with the Act's requirements.[3] Plaintiffs' challenge to these procedures must be made in the Court of Appeals pursuant to 49 U.S.C. § 1486(a).

In count two where plaintiffs allege that the Administrator has conducted a legally defective certification process for the DC-9-80, incorporating virtually all its count one contentions,[4] the language of the complaint is unequivocal, demonstrating that if its relief is granted, this would have the determinative effect of invalidating not only the type certification for the DC-9-80 but also the count one procedures/regulations challenged in this litigation. To the extent this suit challenges and seeks to set aside or modify the type certificate for the DC-9-80, a Court of Appeals is vested with the power to provide such relief under 49 U.S.C. § 1486(a).

Plaintiffs' concern that the administrative record is insufficient for the Court of Appeals to conduct proper review is unfounded. No one questions that there must be adequacy of the administrative record to permit full review but ALPA offers nothing to support its suggestion of factual deficiency in the record relevant to its claims. The administrative record supporting the type certification for the DC-9-80 is voluminous and, although heft alone clearly does not resolve the issue, that detail must be balanced against the plaintiffs' bald conclusions of insufficiency. The several thousand page decision basis for the DC-9-80 type certificate (the administrative record and the FAA's regulations and supporting documentation) is an adequate record to permit the Court of Appeals review of a challenge to the issuance of that certificate.

---

**3.** Complaint at 16, § 2.

**4.** Complaint at 10, § 28, "repeating and realleging, as if fully set forth herein, the allegations of paragraphs 1 through 20 ..."

ALPA also avers that there is no record concerning the establishment by the FAA of its general certification procedure, but it is clear that an adequate record does exist in the form of final regulations, the notice of proposed rulemaking, and public comments and agency explanation.

Such an agency record has been held adequate and a sufficient basis for direct review in the Courts of Appeals. Even if subsequently found wanting in some respects, the Courts of Appeal can remand for supplementation of that record, 49 U.S.C. § 1486(d). *See Sima Products Corp. v. McLucas, supra,* 612 F.2d at 314–15; *City of Rochester v. Bond,* 603 F.2d at 933 n.26.

ALPA further argues that direct review under § 1486(a) is not exclusive because the Courts of Appeal lack the ability to grant an adequate remedy. The fear is groundless for the Act provides that in reviewing orders issued by the Administrator the Courts of Appeal shall have "exclusive jurisdiction to affirm, modify, or set aside the order complained of, in whole or in part, and if need be, to order further proceedings by [FAA]," 49 U.S.C. § 1486(d). The Courts of Appeal, and this circuit in particular, have not failed to exercise their full grant of power under section 1486(a) to resolve challenges to the substance of regulations promulgated under the Act and to the procedures followed by the agency in establishing such regulations. *O'Donnell v. Shaffer,* 491 F.2d 59, 62 (D.C.Cir.1974).[5]

Plaintiffs argue that the District Court has jurisdiction over challenges to agency procedures, as here, in which "the asserted infirmity is fundamental," and because patent violations of statutory duties have been alleged which cannot be remedied by an appeal from a final agency order. *See* Opposition at 8–12; *Amos Treat Co. v. SEC,* 306 F.2d 260, 265, 267 (D.C.Cir.1962); *Fitzgerald v. Hampton,* 467 F.2d 755, 768–69 (D.C.Cir.1972). Nonetheless, ALPA's accusation as to deprivation of administrative due process, absent specifics, cannot broaden the narrow group of "extreme instances where patent violation of agency authority or manifest infringement of substantial rights [are] irremediable by the statutorily-prescribed method of review." *Nader v. Volpe,* 466 F.2d 261, 266 (D.C.Cir.1972).

Reliance by the plaintiffs on *Association of National Advertisers, Inc. v. FTC,* 627 F.2d 1151, 1157–58 (D.C.Cir.1979), *cert. denied,* 447 U.S. 921, 100 S.Ct. 3011, 65 L.Ed.2d 1113 (1980), is inappropriate. *National Advertisers* involved an interlocutory challenge to agency action rather than an attack on *final* agency action. The general and consistently adopted rule is that only final agency action is subject to judicial review and then in accordance with the APA and any statutorily-prescribed review structure. *See,* 5 U.S.C. §§ 703, 704; *FTC v. Standard Oil Co. of California,* —— U.S. ——, 101 S.Ct. 488, 66 L.Ed.2d 416 (1980). When plaintiffs challenge the issuance of a type certificate for the DC–9–80 and challenge the promulgated FAA regulations and procedures governing the certification process, they seek review of final agency actions or orders. Review of final FAA orders is exclusively in the Courts of Appeals pursuant to the special statutory review procedure prescribed in 49 U.S.C. § 1486(a).

As Judge Leventhal said in his concurring opinion in *National Advertisers,* 627 F.2d at 1178, *supra,*

> "Only in rare instances is a non-final agency action reviewed in the teeth of a general denial of jurisdiction."

In *Leedom v. Kyne,* 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958), cited by the plaintiffs, the Court held that the District Court had jurisdiction to strike an order by the NLRB establishing a collective bargaining unit composed of both professional and non-professional employees which was *clear* violation of the National Labor Relation Act's prohibition of such a combination without

---

**5.** For examination of complex regulatory matters under direct review, *see, e. g., Ethyl Corp. v. EPA,* 541 F.2d 1 (D.C.Cir.), *cert. denied,* 426 U.S. 941, 96 S.Ct. 2663, 49 L.Ed.2d 394 (1976), where EPA regulations governing gasoline lead content were affirmed after review of evidence producing a 10,000 page record. *See also Graham v. NTSB,* 530 F.2d 317 (8th Cir. 1976).

approval of the professional employees. The *Leedom* exception was, however, a "narrow one," as Judge Leventhal observed in *National Advertisers, supra,* and "reserved for the kind of clear case that identified the original doctrine of mandamus."

Although ALPA's complaint makes vague allegations that the certification process is dominated by manufacturers, these allegations have not been synthesized into patent violations of the Federal Aviation Act and are, rather, arguments that the Administrator has not fully complied with statutory mandates or has not achieved in the best possible manner the directives of the Act. These conclusions are insufficient to invoke the *Leedom* exception. *See, e. g., Physicians National House Staff Association v. Fanning,* 642 F.2d 492 at 499 (D.C.Cir.1980) (en banc), *Independent Cosmetic Manufacturers and Distributors, Inc. v. U. S. Department of Health, Education, and Welfare,* 574 F.2d 553 (D.C.Cir.), *cert. denied,* 439 U.S. 893, 99 S.Ct. 250, 58 L.Ed.2d 238 (1978).

Here, the alleged unlawful conduct does not rise to the dimension of a manifest structural flaw in a proceeding where the alleged due process infringement or patent violations are clear. "Given the strong walls of jurisdictional barriers, and narrow gates of entrance," 627 F.2d at 1178, the exception to legislated statutory review has not been met.

In summary, Congressional design conferred exclusive jurisdiction, only narrowly excepted, on the Courts of Appeal under section 1486 of the Act to adjudicate challenges to FAA regulations and type certificate orders. Plaintiffs have not substantiated claims which would give rise to an exception to that exclusive Court of Appeals review. The appeals court is an adequate and appropriate forum to address those allegations of ALPA which merit ventilation and, fortified by the sufficient administrative record, that Court of Appeals can, if warranted, provide full relief.

While it is regrettable that the challenging and stimulating issues sojourned in this District Court must now depart, it is clear that jurisdiction of the matter vests exclusively in the Court of Appeals pursuant to 49 U.S.C. § 1486(a).

It is, this 27th day of March, 1981,

ORDERED that the federal defendants' and intervenor-defendants' motions to dismiss be and they hereby are granted, and this action is dismissed with prejudice, pursuant to Fed.R.Civ.P. 12(b)(1), for lack of jurisdiction.